IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAUL THIESSEN

       v.                          C.A. NO. 14-5520

BLATT, HASENMILLER, LEIBSKER &
MOORE, LLC, and PORTFOLIO
RECOVERY ASSOCIATES, LLC, and
X, Y, Z CORPORATIONS

## MEMORANDUM OPINION

SCHMEHL, J /s/ JLS                                    JUNE 11, 2015

      This action was originally commenced by plaintiff in the Court of Common Pleas of Lehigh County, then removed by defendants to this Court on the basis of federal question jurisdiction. Plaintiff contends that the manner in which the defendants accessed his consumer credit report violated sections 1692d and 1692f of the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"). Presently before the Court is defendants' motion to dismiss the Complaint for failure to state a claim upon which relief can be granted. For the reasons that follow, the motion is granted.

      In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. See Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs., 237 F. 3d 270, 272 (3d Cir. 2001). A court need not, however, credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion Sch. Dist., 132

F.3d 902, 906 (3d Cir. 1997); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"Factual allegations [in a complaint] must be enough to raise a right of relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. Phillips v. Cnty of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Simply reciting the elements will not suffice. Id. (Holding that pleading that offers labels and conclusions without further factual enhancement will not survive motion to dismiss).

Our Court of Appeals has directed district courts to conduct a two-part analysis when faced with a motion to dismiss for failure to state a claim. First, the legal elements and factual allegations of the claim should be separated, with the well-pleaded facts accepted as true but the legal conclusions disregarded. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must make a commonsense determination of whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. Id. at 211. If the court can only infer the mere possibility of misconduct, the complaint must be dismissed because it has alleged-but has failed to show-that the pleader is entitled to relief. Id.

According to the Complaint, defendants were attempting to collect on an alleged consumer debt against plaintiff. Compl. at ¶ 9.  On August 1, 2013, defendant Portfolio Recovery Associates, LLC through its agent, defendant Blatt, Hasenmiller, Leibsker & Moore ("BHLM"),

accessed plaintiff's Equifax consumer report. <u>Id</u>. at ¶11. Plaintiff admits that BHLM had a "permissible lawful purpose" to obtain plaintiff's consumer report. <u>Id</u>. at ¶14.

Plaintiff alleges that when BHLM obtained plaintiff's consumer report, BHLM caused a "hard inquiry" to be made against plaintiff's consumer report. <u>Id</u>. at ¶15. The Complaint defines a "hard inquiry" as occurring "when the consumer's report is accessed in such a way as to appear that the consumer initiated the transaction." <u>Id</u>. The Complaint alleges that a hard inquiry is "viewable by potential lenders, employers, insurers or other persons or entities who have a permissible purpose to access the consumer's report." <u>Id</u>. The Complaint further alleges that a "hard inquiry" "usually remains on a consumer's consumer report for 24 months from the date of the inquiry" and "usually has a negative affect [sic] on a consumer's credit score." <u>Id</u>.

The Complaint alleges that a "soft inquiry" occurs when "a person or entity accesses the consumer's consumer report in such a way that potential lenders, employers, insurers or other persons or entitles having a permissible purpose to access the consumer's consumer report do not see the inquiry." <u>Id</u>. at ¶16. "A 'soft' inquiry also does not affect the consumer's credit score." <u>Id</u>.

Plaintiff alleges that by conducting a "hard inquiry" as opposed to a "soft inquiry" into plaintiff's consumer report, defendants harassed and oppressed plaintiff in violation of section 1692d of the FDCPA and acted unconscionably in violation of section 1692f of the FDCPA. <u>Id</u>. at ¶¶ 25, 26.

Section 1692d of the FDCPA provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The statute lists a number of examples of harassing conduct under the provision, including, *inter alia*, the use or threat of use of violence to harm a

person or his property, the use of obscene or profane language, or repeated attempts to phone a person with intent to annoy, abuse, or harass. Id. Violations of §1692d typically involve "tactics intended to embarrass, upset, or frighten a debtor." Hammett v. Allianceone Receivables Mgmt., Inc., No. 11-3172, 2011 WL 3819848, at *5 (E.D. Pa. Aug. 30, 2011). Debt collection attempts do not constitute harassment when they do not "threaten [p]laintiff, contain any offensive language, or attempt to coerce the payment of the debt in any way." DeGeorge v. Fin. Recovery Servs., Inc., No. 11-04288, 2012 WL 4473229, at *3 (E.D. Pa. Sept. 28, 2012).

Far from engaging in any type of harassing conduct, BHLM, according to the Complaint, accessed plaintiff's consumer report on one occasion. Plaintiff even admits that the access was for a "permissible lawful purpose." Compl. at ¶ 14. Indeed, section 1681b(a)(3)(A) of the Fair Credit Reporting Act ("FCRA") specifically provides that a consumer reporting agency such as Equifax may furnish a consumer report to a person such as BHLM who "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer."15 U.S.C. §1681b(a)(3)(A). In addition, many courts have held that the collection of a debt is a permissible purpose for seeking a consumer's credit report under this section. See Huertas v. Galaxy Asset Management, 641 F.3d 28, 34 (3d Cir. 2011) (section 1681b(a)(3)(A) authorizes the use of consumer information to collect on a delinquent credit account); Searle v. Convergent Outsourcing, Inc., No. 13-11914, 2014 WL 4471522, at *5 (D. Mass June 12, 2014) (finding that the plaintiff's FDCPA claim based on the debt collector pulling the plaintiff's consumer report failed as a matter of law because the debt collector had a permissible purpose for obtaining the report under the FCRA); Demaestri v. Asset Acceptance Capital Corp., No. 11-01671, 2012 WL

1229907, at *4 (D. Colo. Mar. 14, 2012) <u>report and recommendation adopted</u>, 2012 WL 1229940 (D. Colo. Apr. 12, 2012)("collection of a debt has been consistently found to be a permissible purpose for seeking a consumer's credit report under §1681b(a)(3)(A).")

Plaintiff's attempt to distinguish between a '"hard" inquiry into his consumer report from a "soft" inquiry has no merit. The FCRA broadly defines a "consumer report" as "**any** written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics or mode of living. . . ." 15 U.S.C. § 1681a(d)(1) (emphasis added). The terms "hard" or "soft" do not appear anywhere in the statute. There is no differentiation in the statute. Nor does plaintiff does cite any legal authority which differentiates between a "hard" and a "soft" inquiry. Clearly, there is no defined, legal basis for plaintiff's action under the statute itself. Furthermore, plaintiff cannot prove any malicious intent on behalf of the defendants in this case. As a result, plaintiff's claim under section 1692d of the FDPCA lacks any plausible basis and will be dismissed,

Section 1692f of the FDCPA prohibits debt collectors from making use of unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f. "A complaint will be deemed deficient under [section 1692f] if it does not identify any misconduct beyond [that] which plaintiffs assert violate[s] other provisions of the FDCPA." <u>Shand-Pistilli v Prof'l Srv. Inc.</u>, No. 10-1808, 2010 WL 2978029, at *6 (E.D. Pa. Jul. 26, 2012), <u>quoting Foti v. NCO Fin. Sys., Inc.</u>, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006).

For the reasons discussed above, the Court finds, as a matter of law, that BHLM did not act in an unconscionable manner when it pulled plaintiff's consumer report on one occasion, in that

manner. In addition, because other sections of the FDPCA address plaintiff's claim, and because plaintiff does not identify any improper conduct beyond that addressed by that section, the Court will dismiss plaintiff's claim under section 1692f of the FDCPA. <u>See</u> <u>Dicesari v. Asset Acceptance LLC</u>, No. 11-6815, 2012 WL 4108944, at *3 (E.D. Pa. Sept. 18, 2012).

An appropriate Order follows.